**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Rachael Joseph,                                    Case No. 26-cv-18 (JWB/SGE)

        Plaintiff,

vs.                                                **DEFENDANTS' REPLY**
                                                   **MEMORANDUM OF LAW IN**
                                                   **SUPPORT OF PARTIAL**
Department of Public Safety, et al.,               **MOTION TO DISMISS THE**
                                                   **AMENDED COMPLAINT**

        Defendants.

### INTRODUCTION

In this employment case, Plaintiff Rachael Joseph asserts claims against her former employer, the Minnesota Department of Public Safety ("DPS") and Commissioner Bob Jacobson, Jordan Haltaufderheid, Kim Babine, and Rebecca Rabb in their official and individual capacities (collectively "Defendants"). Plaintiff's amended complaint brings three claims;[1] Defendants move to dismiss Counts II and III, for First Amendment retaliation pursuant to 42 U.SC. § 1983 and for disability discrimination pursuant to Minn. Stat. § 363A.01, *et seq*. ("MHRA"), respectively.

Plaintiff's First Amendment claim (Count II) should be dismissed as it is barred by sovereign immunity and fails to state plausible allegations against the individual defendants. Plaintiff's MHRA claim (Count III) should be dismissed because the amended complaint fails to plausibly allege Defendants regarded her as having a disability as defined by statute or a causal connection between any such disability and her termination.

---

[1] Defendants do not move to dismiss Count I, alleging retaliation in violation of the Minnesota Whistleblower Act.

1

## ARGUMENT

Counts II and III should be dismissed. Plaintiff's First Amendment retaliation claim should be dismissed for two reasons. First, the claim fails as a matter of law against DPS and all individual defendants in their official capacities because it is barred by sovereign immunity. Second, the claim against the individual defendants in their individual capacities fails for lack of facial plausibility as to their personal involvement in terminating Plaintiff in alleged violation of her constitutional rights.

Plaintiff's MHRA disability discrimination claim should be dismissed because it fails to plausibly allege DPS knew Plaintiff had PTSD or terminated her because of her PTSD.

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION.

Count II alleges First Amendment retaliation in violation of 42 U.S.C. § 1983 against DPS and Defendants Commissioner Bob Jacobson, Jordan Haltaufderheid, Kim Babine, and Rebecca Rabb in their individual *and* official capacities.  (Amend. Compl., p. 13.)

### A.    Plaintiff's DPS Claim Is Barred by Sovereign Immunity

As discussed in Defendants' opening memorandum, Plaintiff's claims against DPS (and against Defendants in their official capacities) are barred by sovereign immunity because she does not seek prospective relief for an ongoing violation of federal law. (ECF Doc. 16, at 7-8.) In response, Plaintiff insists she is seeking just that, pointing to a vague request for declaratory and injunctive relief in her Amended Complaint and suggesting that it might include a request for reinstatement.  (ECF Doc. 10, at ¶ 88;

2

ECF Doc. 19, at 12.)  That paragraph, however, generically seeks "declaratory, injunctive, or other available relief," with no specific request for reinstatement.   (ECF Doc. 10 at ¶ 88.)  This "generic prayer for unspecified injunctive relief" is insufficient. *Lors v. Dean*, 726 F.3d 1036, 1041 (8th Cir. 2013), *reh'g granted and opinion vacated* (Oct. 2, 2013), *aff'd on other grounds*, 746 F.3d 857 (8th Cir. 2014); *Falcon v. City Univ. of New York*, No. 15-CV-3421 (ADS)(ARL), 2016 WL 3920223, at *9 (E.D.N.Y. July 15, 2016) (vague request for "injunctive relief" insufficient to satisfy *Ex Parte Young* exception to sovereign immunity); *Pierre v. New York State Dep't of Corr. Servs.*, 2009 WL 1583475, at *18 (S.D.N.Y. June 1, 2009) (finding that an isolated incident of alleged disability discrimination, in conjunction with conclusory language requesting unspecified injunctive relief, is insufficient for purposes of *Ex Parte Young*).  This distinguishes Plaintiff's case from the cases she cites, each of which involved specifically-pleaded requests for reinstatement. (ECF Doc. 19, at 12.)  Plaintiff's claims against DPS and official capacity are therefore barred by sovereign immunity.

Moreover, Plaintiff's Amended Complaint alleges only a past act of retaliation (her firing), not an ongoing violation of federal law, which is a separate and independent reason this claim fails on the face of the Amended Complaint. *Falcon*, 2016 WL 3920223, at *9. With no specific request for reinstatement and no allegation of an ongoing violation of federal law, Plaintiff's First Amendment retaliation claims against DPS and against Defendants in their official capacities are fatally defective and must be dismissed.

**B.**     **Joseph Fails To Factually Support Defendants' Individual Involvement In The Decision To Terminate Her And Fails To Offer A Plausible Connection Between Allegedly Protected Speech And Her Firing.**

Plaintiff's claims against Defendants in their individual capacities fail because (except for Babine) she has failed to plausibly allege their individual involvement in the decision to terminate her employment. A failure to plead facts in support of a Defendant's personal involvement in the allegedly retaliatory decision requires dismissal of the claim. *Norgren v. Minnesota Dep't of Hum. Servs.*, 96 F.4th 1048, 1057 (8th Cir. 2024) (dismissing First Amendment retaliation claim against agency commissioner because the plaintiffs did not allege "facts supporting his allegation that she personally engaged in promotion discrimination"); *Delgado-O'Neil v. City of Minneapolis*, No. CIV 08-4924 MJD/JJK, 2010 WL 330322, at *8 (D. Minn. Jan. 20, 2010), *aff'd*, 435 F. App'x 582 (8th Cir. 2011) (dismissing a First Amendment retaliation claim for insufficiently pleading personal involvement even after plaintiff was given opportunity to amend complaint).

Plaintiff's 95-paragraph Amended Complaint contains exactly one paragraph alleging the personal involvement of Defendants Rabb, Haltaufderheid, and Jacobson in the decision to terminate her. (ECF Doc. 10, ¶ 58.) That paragraph says that Babine fired Joseph at the "direction" or "with the approval" of the other named Defendants. This is exactly the kind of "threadbare recitation" or "naked assertion" that courts routinely find insufficient to support a claim of personal involvement. *Norgren*, 96 F.4th at 1057; *Delgado-O'Neill*, 2010 WL 330322, at *8; *Inendino v. Lightfoot*, No. 22 C 04982, 2023 WL 2349909, at *3 (N.D. Ill. Mar. 3, 2023) (allegation of mayor's "personal involvement in his termination is nothing more than a threadbare recital of the elements of a cause of

action, devoid of factual support."). As in *Norgren* and *Delgado-O'Neill*, allegations about these Defendants' generalized management responsibilities are insufficient. The problem with Plaintiff's allegations is not that she pleaded on "information and belief," but that she "failed to identify the basis for that belief." *Cole v. Does*, 571 F. Supp. 3d 1033, 1040 (D. Minn. 2021). That makes her allegations of personal involvement "naked," "conclusory," and "formulaic," rendering them subject to dismissal. *Id*. at 1044 (dismissing § 1983 claims resting on "naked assertions" of personal involvement).

Finally, Plaintiff's allegations of the causal connection between any allegedly protected speech and her termination are self-defeating. Although causation is normally a fact-intensive inquiry that requires discovery, it can be decided at the Rule 12 stage where the alleged retaliatory motive "lacks factual support in the complaint," so as to make the causal connection implausible. *Poemoceah v. Morton Cnty*., 117 F.4th 1049, 1056 (8th Cir. 2024); *see also Lyons v. Vaught*, 781 F.3d 958, 963 (8th Cir. 2015) (collecting cases which complaints were dismissed for failure to allege facts plausibly supporting causation); *Sorcan v. Rock Ridge Sch. Dist. (Independent Sch. Dist. No. 2909)*, Civil Case No. 23-1174 (JRT/LIB) (D. Minn. Mar 16, 2026)[2] (dismissing First Amendment retaliation claims because "[a]lthough [Plaintiff] claims the stated reasons were pretextual, the Amended Complaint is void of factual allegations that would allow the Court to draw the inference of pretext, and the Court is not required to accept conclusory allegations of pretext…")

---

[2] No Westlaw citation currently available. Fastcase link is: Sorcan v. Rock Ridge Sch. Dist. (Independent Sch. Dist. No. 2909), CIVIL 23-1174 (JRT/LIB) (D. Minn. Mar 16, 2026) - Fastcase Public Documents

Plaintiff's own allegations actually demonstrate the implausibility of causation here. As alleged in her Amended Complaint and her response memorandum, Plaintiff has at least a decade-long record of "public advocacy" related to firearms policy and legislation. (ECF Doc. 19, at 3-4.) As also alleged, the Minnesota Gun Owners Caucus, its leadership, and its followers have "long identified" Plaintiff as their "political opponent" and the organization and its followers "vehemently and publicly" opposed Plaintiff's public advocacy in favor of Minnesota's ERPO laws. (*Id.* at 7.) Plaintiff alleges that Defendants (including Babine) hired her *because* of her public advocacy, "welcomed" her, then fired her a month later *because* of the same public advocacy. (*Id*. at 4-5, 21-22.) *Cf. Heggemeier v. Caldwell Cnty., Texas*, 826 F.3d 861, 869 (5th Cir. 2016) (causation argument in retaliation case was "substantially undermined" by the fact that the alleged retaliators hired him *after* the protected activity). These allegations of causation are implausible and self-defeating.

## II.    THE DISABILITY DISCRIMINATION CLAIM IS SPECIOUS.

Finally, it remains that Plaintiff has not adequately pleaded a "regarded as" disability discrimination claim under the MHRA. This claim is founded on a mashup of four allegations: (1) Plaintiff's PTSD is "public knowledge"; (2) Plaintiff's "lived experience" was discussed during the hiring process; (3) third-party social media posts described Plaintiff as a "nut" and a "nutjob"; and (4) Plaintiff was terminated for her "inability to build relationships with partners." (ECF Doc. 10, ¶¶ 19 n.1, 42, 57, 70.)

6

To state a MHRA "regarded as" disability discrimination claim, Plaintiff must plead facts plausibly establishing that DPS: (1) "believed she could not perform a broad range of jobs"; (2) regarded her PTSD "to be permanent or long term"; and (3) "perceived [her PTSD] as limiting even though [she] was capable of performing work." *McLain v. Andersen Corp.*, 567 F.3d 956, 967-68 (8th Cir. 2009) (quotations omitted); *see also Weber v. Strippit, Inc.*, 186 F.3d 907, 915 (8th Cir. 1999) (noting that impairment must be perceived by employer as "*substantially limit[ing] one or more major life activities*") (emphasis in original). The Amended Complaint fails this test.

Begin with the third requirement. Even if Defendants knew of her PTSD (which the Amended Complaint does not establish), and even if the discussion of "lived experience" is code switch for PTSD, it is beyond dispute that "mere awareness of an employee's condition is not sufficient to show that the employer regarded the employee as disabled." *Shane v. Bio-Techne Corp.*, No. 22-cv-3039, 2023 WL 3936638 (JBW/ECW), at *7 (D. Minn. June 9, 2023) (quotations omitted); *see also Watt v. City of Crystal*, No. 14-cv-7760166 (JNE/JJK), 2015 WL 7760166, at *5 (D. Minn. Dec. 2, 2015) ("Defendants' belief that [plaintiff] was, for some months, too angry or erratic to carry a firearm of patrol the streets does not show that Defendants regarded him as disabled within the meaning of the MHRA."); *Hamrick v. Sally Beauty Supply, LLC*, No. 09-cv-2177 (JNE/RLE), 2010 WL 3167409, at *4 (D. Minn. Aug. 9, 2010) (self-disclosing disability does not mean that employer "regarded [plaintiff] as meeting the legal definition of disabled under the MHRA").

7

The Amended Complaint contains no facts plausibly suggesting that Defendants regarded Plaintiff's PTSD as legally disabling, or that Defendants believed her PTSD limited (let alone materially limited) a major life activity.[3] *See McClain*, 567 F.3d at 967-68; *Hamrick*, 2010 WL 3167409, at *4; *Garrison v. Minn. Dep't of Revenue*, No. 23-cv-03485 (KMM/DTS), 2024 WL 4239253, at *8 (D. Minn. Sept. 19, 2024) (dismissing "regarded as" MHRA disability discrimination claim where plaintiff failed to plead facts indicating that employer perceived his diabetes or depression as substantially limiting a major life activity). And Plaintiff's supposition—that Defendants' perception of her "inability to build relationships with partners" is tantamount to regarding her as legally disabled—is baseless. Judge Joan E. Erickson rejected precisely this argument in *Watt*:

> While Defendants may have believed that [plaintiff] had anger management problems that compromised his ability to perform some of the duties of a police officer, there is a difference between being perceived as impaired and being perceived as unable to perform a job duty.
>
> * * *
>
> An employer's belief that an employee lacks the capacity to perform aspects of a mentally and emotionally demanding job does not mean the employer believes the employee has a mental impairment.

2015 WL 7760166, at *5 (citing *Fischer v. Minneapolis Pub. Schs.*, 792 F.3d 985, 989 (8th Cir. 2015)).

---

[3] Indeed, Plaintiff herself has not identified any major life activity that her PTSD substantially limits.

The Amended Complaint fares no better on the first requirement. Plaintiff worked in a newly-created, specialized position that required extensive partnership with community stakeholders. (ECF Doc. 10, ¶¶ 24, 29, 30, 33.) Per the Amended Complaint, Plaintiff was fired because she was unable to build relationships with these stakeholders. (*Id.* at ¶ 55.) Though certainly clever, Plaintiff's argument that this "inability" shows Defendants regarded her as unable to perform a broad range of jobs is unavailing.[4] *See Wells v. BNSF Ry. Co.*, No. 17-cv-807 (JNE/FLN), 2017 WL 5513626, at *3 (D. Minn. Nov. 16, 2017) ("The inability to perform one specialized job is not synonymous with the inability to perform jobs broadly.").

Nor has Plaintiff adequately pleaded causation. If is not enough to allege a disability and an adverse action but no predicate facts plausibly suggesting that the former contributed to the latter.[5] *See Villaume v. iTradeNetwork, Inc.*, No. 24-cv-2005 (ECT/DLM), 2025 WL 33697, at *6 (D. Minn. Jan. 6, 2025) (dismissing "regarded as" disability discrimination claim because plaintiff failed to "identify facts plausibly showing

---

[4] In this sense, Plaintiff's First Amendment retaliation and MHRA disability discrimination claims are legally incompatible. The former is premised on allegations that Plaintiff was let go from her job because before she was hired, she engaged in specific speech that enraged a special interest group. Accepting these allegations as true, Defendants viewed Plaintiff as unable to perform a position that required partnership with this specific interest group—not that Defendants perceived that Plaintiff was incapable of performing a broad range of jobs.

[5] Plaintiff conflates her complete failure to plead causation facts with a "need to plead facts that could prove discriminatory motive[.]" (ECF Doc. 19, at 26-27.) The point is not that Plaintiff needs to plead facts that "prove discriminatory motive"; rather, she has not alleged factual content supporting an inference that her discharge could conceivably be attributable to disability discrimination.

that her disability actually played a role in the decision to take adverse action against her")
(internal quotation marks omitted).

Any one of these failures independently warrants dismissal of Plaintiff's "regarded
as" disability discrimination claim under the MHRA. Cumulatively, they compel this
outcome.

## CONCLUSION

For these reasons, Defendants request that Counts II and III be dismissed with
prejudice and that judgment be entered accordingly.

Dated: March 17, 2026

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

 s/Amanda Prutzman
AMANDA PRUTZMAN
Assistant Attorney General
Atty. Reg. No. 0389267

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1217 (Voice)
(651) 282-5832 (Fax)
Amanda.Prutzman@ag.state.mn.us

ATTORNEY FOR DEFENDANTS

10