# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Rachael Joseph,

        Plaintiff,

vs.

Department of Public Safety (State of Minnesota); Bob Jacobson, Commissioner, in his official and individual capacity; Jordan Haltaufderheid, in his official and individual capacity; Kim Babine, in her official and individual capacity; and Rebecca Rabb, in her official and individual capacity,

        Defendants.

Case No. 26-cv-18 (JWB/SGE)

**RULE 26(f) REPORT**

Counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on <u>May 7, 2026</u> and prepared the following report.

The initial pretrial conference in this matter is scheduled for June 9, 2026, before United States Magistrate Judge Shannon G. Elkins via Zoom – audio only.

## DESCRIPTION OF CASE

1. Concise factual summary of Plaintiff's claims:

**The Minnesota Department of Public Safety hired Plaintiff Rachael Joseph after an exhaustive vetting process concluded that she was uniquely qualified to facilitate the implementation of Minnesota's new Extreme Risk Protection Order ("ERPO") law. Less than a month later, DPS abruptly terminated her following a campaign by the Minnesota gun lobby to get Joseph—their long-time political opponent—fired. As alleged in Plaintiff's Amended Complaint, DPS offered a false and pretextual reason for the termination. The truth is that DPS acted at the behest of the gun lobby.**

2. Concise factual summary of Defendant's claims/defenses:

**Defendants deny the material allegations in the Complaint and have filed and served an Answer in accordance with such denials.**

3. Statement of jurisdiction (including statutory citations):

**The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action was removed from Ramsey County District Court pursuant to 28 U.S.C. §§ 1441 and 1442.**

4. Summary of factual stipulations or agreements:

**None.**

5. Statement of whether jury trial has been timely demanded by any party:

**Plaintiff has timely demanded a jury trial.**

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

**All process has been served, all pleadings have been filed, and the parties do not presently plan to amend their respective pleadings or add additional parties.**

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

**The State of Minnesota is defending and indemnifying Defendants pursuant to Minnesota Statutes section 3.736, subdivision 9. The State of Minnesota is self-insured.**

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following

discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## **FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **June 12, 2026**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **March 5, 2027**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

> a) No more than a total of **30** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

> b) No more than **40** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

> c) No more than **30** requests, unrelated to the authentication of documents, shall be served by each side.

> **The parties agree to meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 and 903), duplicates (FRE 1001(4) and 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and the status of a document as a business record (FRE 803(6)). To assist the parties in resolving such evidentiary issues via stipulation rather than by serving requests for admission, the presumption is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary.**

**Any request to admit the genuineness or authenticity of a document must be accompanied by a copy of the document or, if it was initially produced by the party from whom the admission is sought, by reference to the document's Bates label number(s).**

5. No more than **1** Rule 35 Medical Examinations shall be taken by Defendant and completed by **January 8, 2027**.

6. No more than **15** depositions, excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed   early, could make deposition discovery more cost-effective and avoid  costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions:

**Plaintiff has not yet determined whether and the number of Fed. R. Civ. P. 30(b)(6) depositions necessary. At least 35 days before such deposition, Plaintiff will serve a deposition notice that identifies all topics on which deposition testimony is sought, and the parties will meet and confer as necessary. Defendant may object to any topic(s) set forth in the deposition notice and seek a protective order from the Court as necessary.**

8. The parties have agreed upon the following additional limitations on discovery procedures: **None**.

9. Other discovery issues.

a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R.  Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

**The parties are reviewing each other's proposed formats for production of documents and will meet and confer regarding any disagreements as soon as practicable.**

**Regardless, the parties further agree to produce ESI in a unitized searchable format (file format to be determined) with accompanying load files, and that documents will be produced separately and not in a combined "omnibus" PDF or similar format. Each document produced will be Bates labeled by the producing party. Privilege logs will be produced only upon request and after production is substantially complete.**

**Further, the parties will meet and confer further regarding the search review process(es) for ESI, including deduplication, custodians, sources, the use of keyword searches, and so on.**

The parties agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **August 31, 2026**.

**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be emailed to the chambers e-mail box.

b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

**The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.**

## EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to **3** experts. Defendant anticipates calling up to **3** experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities and Disclosures by the parties on or before **March 12, 2027 if related to liability, or if related to damages, then either seven (7) weeks after the deadline to file a motion for summary judgment, or seven (7) weeks after the hearing on a motion for summary judgment, whichever is later.**

   c) Rebuttal identities and disclosures **within six (6) weeks of the deadline for initial expert disclosures**.

3. Expert discovery, including depositions, shall be completed **within four (4) weeks of the deadline for rebuttal disclosures**.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **October 16, 2026**.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **July 30, 2027**.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **March 12, 2027**.

**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of fact discovery.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served **within two weeks of the close of expert discovery**.

6

**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of expert discovery.

## **PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

**NOTE:** The Court  has recently revised its suggested protective order form and the parties are encouraged to  consult that form in preparing a proposed protective order for entry                         by                         the                         Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-OrderForm.pdf***   or   ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective Order-Form.docx***).

No protective order may include language purporting to obligate  the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their  Stipulation for Protective Order must be filed on CM/ECF and a Word version of the  document must be e-mailed to Magistrate Judge Elkins' chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**The parties will jointly submit a proposed protective order, identifying any areas of disagreement, and using the District of Minnesota's protective order form as a template.**

## **DISPOSITIVE MOTION DEADLINES**

The parties **do not** believe that expert discovery relating to damages must be completed before dispositive motions are filed. The parties **do** believe that expert discovery relating to liability must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **July 30, 2027**.

7

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must discuss whether they believe the case is appropriate for a private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference. The results of that discussion, including any proposals or recommendations, are as follows: **A settlement conference is not likely to be successful before the parties complete written discovery (if not all discovery).**

2. Each party will email to Magistrate Judge Elkins' chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken  place, whether the party believes and  early settlement conference would be  productive, what discovery each party believes is necessary before and  early settlement conference can take place and any additional, confidential  information about the party's interest in settlement or possible settlement  proposals as may be of assistance to Magistrate Judge Elkins in planning or furthering early settlement efforts.

[**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Elkins for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1. Trial by Magistrate Judge:

    The parties **have not** agreed to consent to jurisdiction by the  Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

2. The parties agree that this case will be ready for trial on **November 1, 2027**.  The anticipated length of the **jury** trial is **5** days.

*[Signature blocks on the following page.]*

PREMO FRANK PLLC

Date: June 2, 2026

*s/Matthew A. Frank*
Matthew A. Frank (MN# 0395362)
        matt@premofrank.com
(612) 445-7041
Stephen M. Premo (MN# 0393346)
        stephen@premofrank.com
(612) 445-7042
401 Minneapolis Grain Exchange
400 South Fourth Street
Minneapolis, MN 55415

ATTORNEYS FOR PLAINTIFF

Dated: June 2, 2026

KEITH ELLISON
Attorney General
State of Minnesota

 s/Amanda Prutzman
AMANDA PRUTZMAN
Assistant Attorney General
Atty. Reg. No. 0389267
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1217 (Voice)
(651) 282-5832 (Fax)
Amanda.Prutzman@ag.state.mn.us

ATTORNEY FOR DEFENDANTS